UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| CHARLES BROWNLEE, | : |
|  | :  CASE NO. 15-CV-2372 |
| Petitioner, | : |
|  | : |
| vs. | :  OPINION & ORDER |
|  | :  [Resolving Doc. 1] |
| BRIGHAM SLOAN, *Warden* | : |
|  | : |
| Respondent. | : |
|  | : |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 19, 2015, Petitioner Charles Brownlee filed for habeas relief under 28 U.S.C. § 2254.[1]  Petitioner claims that his convictions were against the manifest weight of the evidence, that the trial court erred in denying his motion to dismiss for violation of his Sixth Amendment speedy trial rights, and that the trial court erred in sentencing him to the maximum sentence.[2]

On February 10, 2016, Respondent Warden Brigham Sloan filed a return of writ.[3]  On June 1, 2016, Magistrate Judge Kathleen Burke issued her Report and Recommendation, recommending that this Court deny Brownlee's petition in its entirety.[4]

On June 15, 2016, Petitioner Brownlee filed objections, but objected only to the recommended denial of his speedy trial claim.[5]

---

[1] Doc. 1.  Petitioner later supplemented his petition.  Doc. 3; Doc. 4.
[2] *Id.*
[3] Doc. 6.
[4] Doc. 9.
[5] Doc. 10.

Case No. 15-CV-2372
Gwin, J.

For the following reasons, the Court **OVERRULES** Petitioner Brownlee's objection, **ADOPTS** the recommendation of Magistrate Judge Burke consistent with this opinion and order, and **DENIES** Brownlee's petition.

## I.  Background

On October 23, 2012, Petitioner was arrested after taking items from a Walmart without paying and engaging the police in a high speed police chase.[6] Petitioner was indicted in the Summit County Court of Common Pleas for failure to comply with the order or signal of a police officer, a third degree felony, and petty theft, a first degree misdemeanor.[7]

Petitioner spent 59 days in jail. On December 21, 2012, he was released on bond.[8] Petitioner had a pretrial hearing scheduled for January 2, 2013, thirteen days after his release.[9] However, Petitioner failed to appear before the court on that day. In fact, he did not appear before the court for ten months.[10] When Petitioner next appeared, on November 7, 2013, his counsel asked for and received a fourteen day continuance, until November 21, 2013.[11] On November 21, 2013, the state court judge set a tentative trial date of February 5, 2014.[12]

Petitioner spent eleven more days in jail before appearing for an additional pre-trial conference on December 2, 2013.[13] At that time, Petitioner's counsel raised speedy trial concerns. The Ninth District Court of Appeals summarized the result of the hearing:

---

[6] Doc. 9 at 2. Petitioner's conduct took place on October 22, 2012. Doc. 6-1 at 4. Yet the Ninth District Court of Appeals stated that he was arrested on October 23, 2012. *Id.* at 82. The discrepancy does not change this Court's analysis.
[7] Doc. 6-1 at 4.
[8] *Id.* at 7.
[9] *Id.* at 8.
[10] *Id.* at 83-84. Petitioner argued to the Ninth District Court of Appeals that he was made available to the Summit County Courts while in jail on other charges for portions of this time, excusing his failure to appear. The Ohio appeals court disagreed with Brownlee's position, holding that "Brownlee bears the burden on appeal, and has failed to show that he was available to the court prior to November 7th." *Id.* at 83.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 13.

-2-

Case No. 15-CV-2372
Gwin, J.

> The court noted that it was not possible to schedule a trial in December; "We're not going to be able to get the trial in before Christmas. We have too many other trials set between now and then." The court further explained that it had a capital case set for a jury trial on January 13th, "[s]o really, the only available trial date in the month of January is the first full week of January starting the 6th." Brownlee's attorney agreed to the January 6th trial date.
>
> > [Prosecutor]: And it's very clear, I think, on the record at this point that the defense is okay with that January 6th trial date?
> >
> > [Defense Counsel]: Yes, I am. The defense indicates that we are, correct.[14]

The court set trial for the earliest available date, January 6, 2014.[15]

At trial, a jury found Petitioner guilty of both charges.[16] On January 24, 2014, Petitioner was sentenced to three years on the failure to comply count and six months on the theft count, to be served concurrently.[17]

Petitioner appealed.[18] On June 30, 2015, the Ohio Court of Appeals overruled Petitioner's assignments of error and affirmed the trial court's judgment.[19] On August 24, 2015, the Ohio Court of Appeals denied Petitioner's subsequent motions for reconsideration.[20] On October 28, 2015, the Ohio Supreme Court declined jurisdiction of Petitioner's appeal.[21]

On November 19, 2015, Petitioner filed this petition for a writ of habeas corpus *pro se*.[22] Petitioner alleged three grounds for relief:

(1) Appellant's convictions were against the sufficiency and manifest weight of the evidence.
(2) The trial court committed reversible error when it denied Appellant's motion to dismiss for violation [of] Petitioner's right to speedy trial.
(3) The trial court committed reversible error when it sentenced Appellant to a maximum sentence.

---

[14] *Id.* at 83-84.
[15] *Id.* at 13.
[16] *Id.* at 16-18.
[17] *Id.* at 20-21.
[18] *Id.* at 23.
[19] *Id.* at 79.
[20] *Id.* at 160.
[21] *Id.* at 146.
[22] Doc. 1; Doc. 3; Doc. 4.

-3-

Case No. 15-CV-2372
Gwin, J.

Respondent argued that all of Petitioner's grounds for relief either failed on the merits or were not cognizable.[23] On June 1, 2016, Magistrate Judge Burke issued her Report and Recommendation, recommending the denial of all of Petitioner's habeas claims.[24] Petitioner Brownlee objects only to the recommended denial of his speedy trial right claim.[25]

## II. Legal Standard

Under the Federal Magistrates Act, a district court conducts a de novo review of those portions of a Report and Recommendation to which the parties have made an objection.[26] A district court may adopt without review parts of the Report and Recommendation to which no party has objected.[27]

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court cannot grant habeas relief unless the state court's adjudication was either "contrary to" or involved an "unreasonable application of" clearly established federal law.[28] Alternately, a petitioner may also argue that the "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[29] The petitioner carries the burden of proof.[30]

The Sixth Amendment to the United States Constitution guarantees a defendant a "speedy and public trial."[31] At the federal level there is no set number of days that define a speedy trial.[32]

---

[23] Doc. 6.
[24] Doc. 9.
[25] Doc. 10.
[26] 28 U.S.C. § 636(b)(1).
[27] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[28] 28 U.S.C. § 2254(d).
[29] *Id.*
[30] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)).
[31] U.S. Const. amend. VI; *Barker v. Wingo*, 407 U.S. 514, 515 (1972).
[32] *Barker v. Wingo*, 407 U.S. 514, 529-30 (1972); *see also United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011).

Case No. 15-CV-2372
Gwin, J.

Instead, the Supreme Court has instructed that courts engage in a balancing test to determine whether a speedy trial violation has occurred.[33]

In contrast, an Ohio defendant is entitled to a trial within 270 days, under Ohio Revised Code § 2945.71.[34] The Sixth Circuit has concluded that a trial held within Ohio's 270-day window is not "contrary to" the Supreme Court's speedy trial balancing test.[35] As a result, if a petitioner's trial was held within Ohio's 270-day window, he must show that the state court's determination was an "unreasonable application" of federal law or an "unreasonable determination of the facts."[36]

Ohio offers various rules for calculating how many days have passed on a defendant's speedy trial clock. Each day spent in jail in lieu of bail on the pending charge counts as three days.[37] Under Ohio Revised Code § 2945.72, the 270 day limit is tolled when the accused is unavailable for hearing or trial, delay is caused by the neglect or improper act of the accused, a period of continuance is granted on the accused's own motion, or any reasonable period of continuance is granted other than upon the accused's own motion.

### III. Discussion

Since no party has objected to the Report and Recommendation's conclusions on Brownlee's first and third grounds for relief, this Court may adopt the Report and

---

[33] *Barker v. Wingo*, 407 U.S. 514, 529-30 (1972) (Four factors are considered: (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant.); *see also Betterman v. Montana*, ___ U.S. ___, 136 S. Ct. 1609, 1619 (2016).
[34] Ohio Rev. Code § 2945.71(C)(2).
[35] *Brown v. Bobby*, 656 F.3d 325, 332 (6th Cir. 2011) (citing *State v. O'Brien*, 34 Ohio St. 3d 7, 9, 516 N.E.2d 218, 220 (1987)).
[36] 28 U.S.C. § 2254(d).
[37] Ohio Rev. Code § 2945.71(E).

Case No. 15-CV-2372
Gwin, J.

Recommendation without further review. Moreover, having conducted its own review of the petition and record, the Court agrees with the conclusions in the Report and Recommendation.

Petitioner objects only to the part of Magistrate Judge Burke's Report and Recommendation affirming the denial of his speedy trial claim.[38] Petitioner argues that the state courts erred in counting his days in prison, and that his time served is in violation of his speedy trial rights.

### a. Ohio Speedy Trial Right

As of Petitioner's trial on January 6, 2014, 223 days had run on Petitioner's speedy trial clock.[39]

In contrast, Petitioner argues that as of his trial on January 6, 2014, 385 days had run on his speedy trial clock.[40] Petitioner's calculation is incorrect.

First, many of Petitioner's early calculations are incorrect. Petitioner counts as three days the day before he was arrested (October 22, 2012). This date should not count.[41] Petitioner also counts as three days the day he was released on bond (December 21, 2012). This date should only count as one day.

---

[38] Doc. 10.

[39] Petitioner was arrested on October 23, 2012. Petitioner was subsequently released on bond on December 21, 2012. This period of 59 days is tripled pursuant to O.R.C. § 2945.71(E), and therefore counts as 177 days. Petitioner had a pretrial scheduled for January 2, 2013, thus adding 13 days, totaling 190 days. Petitioner failed to appear until November 7, 2013. At that time Respondent, through counsel, asked for a continuance until November 21, 2013. The time periods during which Petitioner failed to appear and requested a continuance qualify as time tolled and do not contribute to his speedy trial days. The time period between Respondent's November 21, 2013 hearing and his December 2, 2013 pretrial is 11 days, or 33 speedy trial days adjusting pursuant to O.R.C. § 2945.71(E). This increases Respondent's total speedy trial days to 223.

[40] Docs. 10, 10-1, 10-2, 10-3. Petitioner's calculation is comprised of: 61 days or 183 speedy trial days between October 22, 2012 and December 21, 2012; 13 speedy trial days between December 22, 2012 and January 3, 2013. 27 days or 81 speedy trial days between both October 23, 2013 and November 7, 2013, and November 21, 2013 and December 1, 2013; and 36 days or 108 speedy trial days between December 2, 2013 and January 6, 2014.

[41] As mentioned above, *supra* note 6, Petitioner's conduct took place on October 22, 2012, yet the state court documents state that he was not arrested until October 23, 2012. Even if Petitioner correctly included October 22, 2012 in his calculation, this only raises his speedy trial total to 226 says. It does not alter this Court's analysis.

-6-

Case No. 15-CV-2372
Gwin, J.

Petitioner includes fifteen days (tripled to forty-five for speedy trial purposes) between his failure to appear on January 3, 2013 and his attendance at a conference almost ten months later on November 7, 2013. However, none of the intervening time counts towards Petitioner's speedy trial clock. It is tolled under either O.R.C. § 2945.72(A) as a "period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him" or O.R.C. § 2945.72(D) as a "period of delay occasioned by the neglect or improper act of the accused."[42]

Second, Petitioner incorrectly includes the time between his December 2, 2013 pre-trial and his January 6, 2014 trial. This period is tolled because it is a "reasonable continuance granted other than upon the accused's own motion."[43]

Tolling this time is reasonable because holiday and scheduling constraints prevented trial in December. The court demonstrated its motivation to comply with speedy trial limits by scheduling an additional pre-trial on December 2, 2013 to address speedy trial concerns. The state court acted reasonably in holding the trial as early as the court's schedule allowed. Moreover, Petitioner's trial counsel agreed to the continuance, further supporting the reasonableness of the one-month extension.

Petitioner's speedy trial time was 223 days, below Ohio's 270-day limit.

---

[42] Ohio Rev. Code § 2945.72. The Ninth District Court of Appeals denied Brownlee's assertions that he was available to the Summit County Courts during fifteen of these days. The Ohio appeals court concluded that, "Brownlee bears the burden on appeal and has failed to show that he was available to the court prior to November 7th. Thus, we use that date in our calculation." Doc. 6-1 at 83. Brownlee reiterated his arguments on a motion for reconsideration to the Ninth District Court of Appeals and a direct appeal to the Ohio Supreme Court. *Id.* at 39-43, 120, 148. Both courts declined to review the original conclusion. In the case at hand, Brownlee has offered no additional evidence that undermines the state court's factual conclusions

[43] Ohio Rev. Code § 2945.72(H).

Case No. 15-CV-2372
Gwin, J.

> b. *Sixth Amendment Speedy Trial Right*

Petitioner has not alleged a cognizable claim for habeas relief.

Because his trial was below Ohio's 270-day window, the trial time was not "contrary to" federal law.

Moreover, Petitioner has made no argument that his 223-day delay was an "unreasonable application" of federal speedy trial law.[44] Indeed, Petitioner could not plausibly make such an argument. Federal courts look to four factors in determining the whether there has been a speedy trial right violation: (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant.[45] The delay here was minimal and closely tailored to the reason for delay. The winter holidays and numerous other trials required the one-month delay in the trial date. The trial took place immediately after the court returned for the new year. Moreover, Petitioner consented to the delay through counsel, and Petitioner has made no showing of prejudice as a result.

Instead, Petitioner's arguments seem to rest on the factual allegation that the state court miscalculated the days.[46] Again, Petitioner loses. For the reasons given above, the Ninth District Court of Appeals and the Magistrate Judge's Report and Recommendation properly calculated the days. Brownlee has offered no evidence or specific argument that the State court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[47]

---

[45] *Barker v. Wingo*, 407 U.S. 514, 529-30 (1972).
[46] Docs. 10, 10-1, 10-2, 10-3.
[47] 28 U.S.C. § 2254(d).

-8-

Case No. 15-CV-2372
Gwin, J.

## IV. Conclusion

For the foregoing reasons the Court **OVERRULES** Petitioner's objection, **ADOPTS** the recommendations of Magistrate Judge Kathleen Burke consistent with this opinion, and **DENIES** Brownlee's petition. This Court certifies that no appeal could be taken from this order in good faith.

IT IS SO ORDERED.


Dated: July 11, 2016                           *s/         James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE